UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
J.C. MCCRARY, JR.,

                                Plaintiff,                      **ORDER**

                  -against-                                          CV 06-3048 (SJF)(ARL)

POLICE OFFICER BRANDON HILLMAN, et al.,

                                Defendants.
----------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

Before the court are numerous letter applications from the parties regarding their discovery demands. Each of the applications will be addressed in turn.

**The Defendants' August 9, 2007 Motion to Compel**

On July 13, 2007, the defendants served the plaintiff with their First Set of Interrogatories. On July 27, 2007, the plaintiff timely responded, but objected to ten of the thirteen interrogatories propounded by the defendants. The defendants failed to annex a copy of the plaintiff's response to instant application, but the plaintiff has responded to the motion restating his objections. First, the plaintiff objects to Interrogatory Nos. 1, 2, 3, 4, 5 and 7 on the grounds that the interrogatories seek information that is in the possession of the defendants, are irrelevant, and will not assist the defendants in "evaluating their case." The plaintiff also objects to Interrogatories 9, 10, and 12 on the ground that they are irrelevant.[1] The court has reviewed the interrogatories and finds that some of the plaintiff's objections are valid.

---

[1] The plaintiff has now indicated that the answer to Interrogatory No. 13 is "no." Interrogatory 13 asks whether the plaintiff has been involved in any prior incidents in which he has suffered from the injuries or conditions alleged in the complaint. Accordingly, to the extent the defendants seek to compel a response to Interrogatory No. 13, that request is denied as moot.

Interrogatory Nos. 3, 4, 5 and 7 seek information that the defendants are likely to have given their involvement in the underlying criminal proceedings. Interrogatories 10 and 11 are duplicative and as such 10 is also stricken. Interrogatory 11 (d) and (f) seek information that is not pertinent to this action, and thus, is also objectionable. Thus, the defendants' August 9, 2007 motion to compel is granted, in part, and denied, in part. The plaintiff shall respond to Interrogatories No, 1, 2, 9, 11 (a), (b), (c), and (e), and 12 on or before October 15, 2007.

**The Plaintiff's August 17, 2007 Motion to Compel**

In his letter application dated August 17, 2007, the plaintiff seeks to compel responses to his Request for Admissions regarding Officer Hillman's Grand Jury testimony and Interrogatory Nos. 5 and 6. The defendants' oppose the request with respect to the Request for Admissions citing to New York State Criminal Procedure Law Section 190.25(4). Pursuant to N.Y. Crim. Proc. Law §190.25(4), proceedings of the Grand Jury are confidential and not subject to disclosure without a showing of a compelling and particularized need for the material. *See Ruther v. Boyle,* 879 F. Supp. 247, 250 (E.D.N.Y. 1995)(citing *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222 (1979)). Moreover, as a matter of comity the plaintiff should first make his application to the state court that supervised the grand jury at issue. *Id.* at 250. "If after reviewing the plaintiff's application, the state court supervising the grand jury decides that secrecy of the grand jury proceedings is still warranted, then the plaintiff may challenge the state court's decision before this court." *Id.* at 251 (citing *Lucas v. Turner,* 725 F.2d 1095, 1099 (7th Cir. 1984)). Accordingly, the plaintiff's motion to compel is denied to the extent he seeks a to compel the defendants to respond to the Request for Admissions regarding Officer Hillman's Grand Jury testimony.

With respect to Interrogatory Nos. 5 and 6, the defendants have advised the court that

although they initially objected to the Interrogatories, the defendants have now provided the plaintiff with documents that are responsive to the interrogatories. *See* Fed. R. Civ. P. 33(d). Accordingly, the plaintiff's request to compel responses to Interrogatory Nos. 5 and 6 is denied as moot.

**The Plaintiff's August 22, 2007 Motion to Compel**

In his letter application dated August 22, 2007, the plaintiff seeks to compel copies of pretrial transcripts concerning the complaints of a non-party, Erwin Jackson, asserted against another non-party, Police Officer Joseph Hughes. The defendants objected to the request on the ground that the information being sought was not relevant to this action or calculated to lead to the discovery of admissible evidence. Although the defendants have not responded to this motion, the court is unfamiliar with the reference to pretrial transcripts nor is the court able to discern the relevance of this request. Accordingly, the plaintiff motion to compel copies of the pretrial transcripts is denied.

**The Defendants' August 22, 2007 Motion to Compel**

Finally, the defendants seek to compel the plaintiff to respond to their Second Set of Interrogatories served on the plaintiff of July 26, 2007. Specifically, the defendants contend that the plaintiff's objection to Interrogatory No. 2 is unfounded as the information will help the defendants evaluate the strength of the plaintiff's case. In response to the motion, the plaintiff has now responded to Interrogatory No. 2.

The defendants also contend that the plaintiffs' responses to Interrogatories Nos. 3 and 5 make it clear that the plaintiff has failed to adequately respond to Interrogatories Nos. 1 and 4. The plaintiff's responses to Interrogatory Nos. 2, 3 and 5 suggest that contrary to the plaintiff's response to Interrogatory No. 1, the plaintiff has had some interaction with the individuals

identified in that request. Accordingly, by October 15, 2007, the plaintiff is to clarify his response to Interrogatory No. 1.

Dated: Central Islip, New York
       September 24, 2007

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge