UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X
J.C. MCCRARY,

                Plaintiff,

       -against-                      **ORDER**
                                            06 CV 3048 (SJF)(ARL)

THE COUNTY OF NASSAU,

                Defendant.
------------------------------------X
J.C. MCCRARY,

                Plaintiff,

       -against-                      06 CV 4982(SJF)(ARL)

COUNTY OF NASSAU, KATHLEEN RICE,
District Attorney, in her official capacity;
GREGORY HECHT, Associate Court of the Clerk
of the District Court of Nassau County, in his
individual capacity,

                Defendant.
------------------------------------X
FEUERSTEIN, J.

I.    Introduction

On July 15, 2006, *pro se* plaintiff J.C. McCrary ("Plaintiff") commenced civil action number 06-CV-3048 pursuant to 42 U.S.C. § 1983 ("§ 1983") alleging, *inter alia*, that defendants Police Officer Brandon Hillman ("Hillman"), Nassau County District Attorney Kathleen Rice ("Rice"), Assistant District Attorney Alexis Walters ("Walters"), Assistant District Attorney Gregory Grizopoulos ("Grizopoulos"), Assistant District Attorney Kylie

1

Higgins ("Higgins"), and the County of Nassau ("Nassau County")[1] violated Plaintiff's civil rights. By Order dated December 28, 2006 ("December 2006 Order"), the Court, upon consent of the parties, dismissed the claims against all defendants except Nassau County, and limited the causes of action to one claim against Nassau County alleging that the Nassau County District Attorney's Office ("NCDAO") has a custom, policy and/or practice which precludes the consideration of criminal charges brought by an accused against police officers and assistant district attorneys. (See December 2006 Order (06-CV-3048, Docket No. 34).)

On September 8, 2006, Plaintiff commenced civil action 06-CV-4982 pursuant to § 1983 alleging, *inter alia*, that defendants Nassau County, Rice, Assistant District Attorney Steven L. Schwartz ("Schwartz"),[2] and Associate Court Clerk Gregory Hecht ("Hecht") violated Plaintiff's civil rights. Nassau County and Rice moved for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and Hecht moved to dismiss the claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). By Order dated July 2, 2007 ("July 2007 Order"), the Court granted Nassau County and Rice's motion to dismiss Plaintiff's first amendment claims and Hecht's motion to dismiss, denied Nassau County and Rice's motions to dismiss Plaintiff's equal protection claims, and consolidated 06-CV-4982 into 06-CV-3048. (See July 2007 Order (06-CV-3048, Docket No. 40).)

Before the Court are objections by Plaintiff to a Report and Recommendation (the "Report") of United States Magistrate Judge Arlene R. Lindsay, dated August 13, 2008,

---

[1] On August 8, 2008, Plaintiff filed an Amended Complaint adding Nassau County as a defendant. (See 06-CV-3048, Docket No. 6.)

[2] By Order dated January 24, 2007, the Court, upon consent of the parties, dismissed Plaintiff's claims against Schwartz. (See 06-CV-3048, Docket No.13.)

2

recommending that the motion of Nassau County and Rice (collectively "County Defendants") for summary judgment pursuant to Federal Rule of Civil Procedure 56 ("Rule 56") be granted. For the reasons stated herein, the objections are overruled and the Report is accepted in its entirety.

I.  Discussion

A.  Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed.R.Civ.P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

B.  Plaintiff's Objections

Plaintiff objects to the Report for the following reasons: (1) Magistrate Judge Lindsay drew "improper conclusions based upon Plaintiff's purported failure to submit evidence in opposition" to County Defendants' summary judgment motion because, Plaintiff claims, that Rule 56 did "not permit it;" (Plaintiff's Objections, filed August 25, 2008 ("Pl.'s Obj."), ¶ 1); (2)

3

Magistrate Judge Lindsay's findings are "clearly erroneous and ignore [] clearly established Federal Law" since County Defendants' failed to provide Plaintiff with investigative records (the "Investigative Records") of other unnamed pretrial detainees who allegedly lodged complaints against police officers and assistant district attorneys, (id. at ¶ 2); (3) the Investigative Records are relevant to Plaintiff's claim, and County Defendants had an obligation to maintain such records, (see id. at ¶¶ 3, 4 ); (4) the Investigative Records are subject to a negative inference because County Defendants did not produce these records, (see id. at ¶ 9); (5) Plaintiff was unable to "thoroughly test the facts put forth in the [County Defendants'] affidavits" submitted in support of their summary judgement motion because Magistrate Judge Lindsay denied Plaintiff's request to serve additional interrogatories on County Defendants, (id. at ¶¶ 4, 5 ); (6) Magistrate Judge Lindsay erred in stating that there was a "classification" difference between complaints filed by "pretrial detainees" and complaints filed by "defendants and/or their attorneys," (id. at ¶ 10); (7) Magistrate Judge Lindsay misstated the sequence of events and dates regarding when Plaintiff filed his motion to dismiss his indictment and when Plaintiff filed his criminal cross-complaints against Hillman and Walters, (see Plaintiff's Supplemental Objection, filed August 27, 2008, ¶ 1); (8) "there is no record on file with this Court regarding when [Judge Joseph C. Calabrese] rendered his decision on [Plaintiff's motion to suppress following a] Mapp hearing;" (id. at ¶ 1); and (9) material issues of fact are in dispute because: (a) Plaintiff asserts that Higgins had conducted a preliminary investigation into Plaintiff's criminal case and was aware of alleged police misconduct regarding Plaintiff's apprehension at the time that Plaintiff filed his motion to dismiss his indictment and his cross-complaints against Hillman and Walters, (see Pl.s' Obj. ¶¶ 6, 7); (b) Schwartz's affidavits allegedly provide no details regarding what

4

documents or information he reviewed, or the factors he considered when he investigated Plaintiff's case file, or the reasons he declined to prosecute Plaintiff's criminal cross-complaints, (see id. ¶ 8); and (c) there is allegedly "no record of any investigation having been conducted by [County Defendants] in regards to the [cross-complaints] ... attached to Plaintiff's original complaint, [Docket No. 06-CV-3048], against Hillman and Walters." (id. at ¶ 11.)

Upon *de novo* review of the Report and consideration of Plaintiff's objections, Plaintiff's objections are overruled. Insofar as Plaintiff alleges that Magistrate Judge Lindsay drew improper conclusions because Plaintiff was allegedly prohibited from submitting evidence to oppose County Defendants' summary judgment motion, such claim is without merit. Plaintiff was informed of his filing obligations and failed to comply with Federal Rule of Civil Procedure 56 and Rule 56.1 of the United States District Courts for the Southern and Eastern Districts of New York. (See Letter from Nassau County to Plaintiff, dated February 7, 2008, attached as Ex. C to Def.'s Mem. in Opp'n to Pl.'s Obj., dated August 29, 2008 ("Def.'s Mem."); see also Def.s' Mem., p. 8.) Nonetheless, Magistrate Judge Lindsay reviewed Plaintiff's Letter, filed September 24, 2007 (06-CV-0498, Docket No. 33), Plaintiff's Narrative Statement, filed January 1, 2008 (06-CV-3048, Docket No. 92), and Plaintiff's Affidavit in Opposition to Defendants' Motion for Summary Judgement, filed February 20, 2008 (06-CV-3048, Docket No. 104), to determine whether a genuine issue of material fact existed. (See Report, pp. 1-2.)

In addition, Plaintiff's objections based upon discovery issues are also without merit. Most of Plaintiff's objections focus on issues that Magistrate Judge Lindsay addressed and ruled upon during the course of discovery. (See Pl's Obj. 2, 3, 4, 5, 9, 10, 11; 06-CV-3048, see, e.g., Orders by Magistrate Judge Lindsay, Docket Nos. 57, 68, 71, 73, 79, 85, 89.) And, discovery

5

was complete in December 2007. (See, e.g., Order by Magistrate Judge Lindsay, dated December 19, 2008, Docket No. 89.)

Plaintiff's further contention that he was unable to properly respond to County Defendants' summary judgment motion because County Defendants purposefully withheld relevant discovery documents, is also without merit. The crux of Plaintiff's claim in this regard is that County Defendants should have been able to retrieve information from the NCDAO computer system concerning pretrial detainees' criminal cross-complaints. However, Magistrate Judge Lindsay properly found that "[t]he fact that [County Defendants] were unable to respond to [Plaintiff's] generic request or records relating to complaints filed by 'other pretrial detainees' does not create an issue [of] fact with respect to the alleged [unconstitutional] policy especially in light of the ample evidence offered by [County Defendants] showing that no such policy exists." (Report, p. 16.)

The Court agrees with Magistrate Judge Lindsay that there are no material issues of fact in dispute. Plaintiff's assertions that Higgins was aware of alleged police misconduct regarding Plaintiff's apprehension, Schwartz's affidavits in support of County Defendants' summary judgment motion were not sufficiently detailed, and that there was "no record of any investigation having been conducted by [County Defendants] in regards to the [cross-complaints]" do not create an issue of material of fact. (Pl.'s Obj. 6, 7, 8, 11.) To state a claim against a municipality under § 1983, Plaintiff must prove that the alleged deprivation of his civil rights was caused by the municipality's custom, practice or policy. See Monell v. Department of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978). Magistrate Judge Lindsay properly found that Plaintiff had proffered no evidence to support his assertion that a custom,

6

policy and/or practice, which precludes the consideration of criminal charges brought by an accused against police officers and assistant district attorneys, existed. (See Report, p. 12.); see also Davis v. County of Nassau, 355 F. Supp. 2d 668, 678 (E.D.N.Y 2005) (stating that "mere assertions that a municipality has a custom or policy of violating constitutional rights are insufficient to state a Section 1983 claim 'in the absence of allegations of fact tending to support, at least circumstantially, such an inference'") (quoting Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993)). Magistrate Judge Lindsay also correctly concluded that Plaintiff's "claim is premised on the District Attorney's decision not to prosecute, which cannot be the basis for County liability." (Report, p. 14.); see also Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993) (citing Walker v. City of New York, 974 F.2d 293, 301 (2d Cir. 1992); Gentile v. County of Suffolk, 926 F.2d 142, 152 n. 5 (2d Cir. 1991)).

Further, Magistrate Judge Lindsay explained that "[Plaintiff's] primary accusation that ... Hillman committed perjury before the grand jury, was scrutinized by at least two judges prior to [Schwartz's] determination that his accusations were unfounded," therefore, "on the record, it is impossible to conclude that [Plaintiff's] claims were not investigated." (Id. at 13.) Magistrate Judge Lindsay also explained that Plaintiff did not proffer any evidence indicating that the NCDAO rejected any of the criminal cross-complaints of the pretrial detainees that Plaintiff identified. (Report, p. 14.)

Plaintiff's remaining objections are likewise overruled as without merit. Even if Magistrate Judge Lindsay misstated the sequence of events and dates regarding when Plaintiff filed his motion to dismiss his indictment and when Plaintiff filed his cross-complaints against Hillman and Walters, and even if there is no record on file with the Court disclosing when Judge

7

Calabrese rendered his decision on Plaintiff's motion to suppress, these issues do not create material issues of fact to defeat County Defendants' summary judgment motion.

Therefore, the Court finds that a *de novo* review of the Report reveals that Magistrate Judge Lindsay properly considered all of the evidence submitted by the parties and properly applied the relevant law. Accordingly, the Report is accepted in its entirety.

II.  Conclusion

Upon *de novo* review of the Report, Plaintiff's objections (06-CV-3048, Docket No. 116) and supplemental objections (06-CV-3048, Docket No. 117) are overruled; the Report (06-CV-3048, Docket No. 113) is accepted in its entirety; Defendants' motion (Docket No. 108), pursuant to Federal Rule of Civil Procedure 56, is GRANTED; and the Second Amended Complaint, filed October 23, 2008 (06-CV-3048, Docket No. 21), and the Complaint, filed September 8, 2006 (06-CV-4982, Docket No.1), are dismissed in their entirety. The clerk of Court is directed to close this case.

**SO ORDERED.**

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 22 , 2008
Central Islip, New York

Copies to:

J.C. McCrary, Jr.
#07A1127
Clinton Correctional Facility
PO Box 2000
Dannemora, NY 12929

9