UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
J.C. MCCRARY,

        Plaintiff,

        -against-            **ORDER**
                                06 CV 3048 (SJF)(ARL)

THE COUNTY OF NASSAU,

        Defendant.
_____X
J.C. MCCRARY,

        Plaintiff,

        -against-            06 CV 4982(SJF)(ARL)

COUNTY OF NASSAU, KATHLEEN RICE,
District Attorney, in her official capacity;
GREGORY HECHT, Associate Court of the Clerk
of the District Court of Nassau County, in his
individual capacity,

        Defendant.
_____X
FEUERSTEIN, J.

I.     Introduction

On July 15, 2006, *pro se* plaintiff J.C. McCrary ("Plaintiff") commenced civil action number 06-CV-3048 pursuant to 42 U.S.C. § 1983 ("§ 1983") alleging, *inter alia*, that defendants Police Officer Brandon Hillman ("Hillman"), Nassau County District Attorney Kathleen Rice ("Rice"), Assistant District Attorney Alexis Walters ("Walters"), Assistant District Attorney Gregory Grizopoulos ("Grizopoulos"), Assistant District Attorney Kylie

1

Higgins ("Higgins"), and the County of Nassau ("Nassau County")[1] violated Plaintiff's civil rights. By Order dated December 28, 2006 ("December 2006 Order"), the Court, upon consent of the parties, dismissed the claims against all defendants except Nassau County, and limited the causes of action to one claim against Nassau County alleging that the Nassau County District Attorney's Office ("NCDAO") has a custom, policy and/or practice which precludes the consideration of criminal charges brought by an accused against police officers and assistant district attorneys. (See December 2006 Order (06-CV-3048, Docket No. 34).)

On September 8, 2006, Plaintiff commenced civil action 06-CV-4982 pursuant to § 1983 alleging, *inter alia*, that defendants Nassau County, Rice, Assistant District Attorney Steven L. Schwartz ("Schwartz"),[2] and Associate Court Clerk Gregory Hecht ("Hecht") violated Plaintiff's civil rights. Nassau County and Rice moved for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and Hecht moved to dismiss the claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). By Order dated July 2, 2007 ("July 2007 Order"), the Court granted Nassau County and Rice's motion to dismiss Plaintiff's first amendment claims and Hecht's motion to dismiss, denied Nassau County and Rice's motions to dismiss Plaintiff's equal protection claims, and consolidated 06-CV-4982 into 06-CV-3048. (See July 2007 Order (06-CV-3048, Docket No. 40).)

On April 1, 2008, this Court referred the motions of Nassau County and Rice for summary judgment pursuant to Federal Rule of Civil Procedure 56 ("Rule 56 Motion") to United

---

[1] On August 8, 2008, Plaintiff filed an Amended Complaint adding Nassau County as a defendant. (See 06-CV-3048, Docket No. 6.)

[2] By Order dated January 24, 2007, the Court, upon consent of the parties, dismissed Plaintiff's claims against Schwartz. (See 06-CV-3048, Docket No.13.)

2

States Magistrate Judge Arlene R. Lindsay for a report and recommendation. By Order dated August 14, 2008, Magistrate Judge Lindsay issued a Report and Recommendation ("August 2008 Report"), recommending that the Rule 56 Motion be granted. By Order dated September 22, 2008, this Court adopted the August 2008 Report in its entirety, granted the Rule 56 Motion, dismissed the Complaint and the Amended Complaint, and directed the Clerk to close this case.

Before the Court are objections by Plaintiff to a Report and Recommendation (the "September 2008 Report") of Magistrate Judge Lindsay, dated September 22, 2008, recommending that the motion of Plaintiff for sanctions pursuant to Federal Rule of Civil Procedure 11 ("Rule 11 Motion")[3] be denied. For the reasons stated herein, the objections are overruled and the September 2008 Report is accepted in its entirety.

I.  Discussion

   A.  Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed.R.Civ.P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S.

---

[3] Although Plaintiff does not specify which Federal Rule of Civil Procedure governs the instant motion, the Court assumes that Plaintiff is seeking sanctions pursuant to Rule 11.

3

140, 150 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

B.  Plaintiff's Objections

Plaintiff contends that Magistrate Judge Lindsay erred, *inter alia*, because "Plaintiff was never asked about the date the [Mapp] hearing was denied," and in concluding that "the Court's reference to the Mapp hearing was for background purposes only and was not material to its findings." (Plaintiff's Objections, dated October 2, 2008, pp. 1-2.) Plaintiff also argues that Defendants made misrepresentation in their Rule 56.1 Statement in support of the Rule 56 Motion, that "it [is] incredible that [the NCDAO] does not have a copy of the Mapp hearing decision on file," and that Defendant's should be sanctioned for misrepresenting Plaintiff's deposition testimony to support their defense." (Id at 2-3.)

Upon *de novo* review of the September 2008 Report and consideration of Plaintiff's objections, Plaintiff's objections are overruled. Magistrate Judge Lindsay correctly found that Plaintiff addresses the same arguments in the instant motion that he addressed in his objections to the August 2008 Report. Insofar as Plaintiff's objections to the September 2008 Report relate to the August 2008 Report, such objections are not relevant here. And, insofar as Plaintiff reiterates the same arguments in his objections to the September 2008 Report that he raised in his Rule 11 motion, Magistrate Judge Lindsay properly concluded that the Rule 11 Motion should be denied as to those grounds.

Plaintiff's remaining objections are likewise overruled as without merit. A *de novo*

review of the September 2008 Report reveals that Magistrate Judge Lindsay properly found that Plaintiff's motion for sanctions should be denied. Magistrate Judge Lindsay correctly explained that the date of the Mapp hearing cited in the August 2008 Report was obtained from Plaintiff's deposition testimony, any reference to the Mapp hearing was for background purposes only and was not material to the Court's findings, and Nassau County confirmed that it is not in possession of a copy of Judge Calabrese's Mapp decision.

Further, it is in the Court's discretion whether to issue sanctions, and the imposition of sanctions is not warranted here.[4] See Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004) (stating that "the decision whether or not to impose sanctions is a matter for the court's discretion") (citing Fed. R. Civ. P. 11(c)); see also Pannonia Farms, Inc. v. United States of America Cable, 426 F.3d 650, 652 (2d Cir. 2005) (stating that "Rule 11 sanctions are a coercive mechanism, available to trial court judges, to enforce ethical standards upon attorneys appearing before them, while being careful not to rein in zealous advocacy. Although the imposition of sanctions is within the province of the district court, 'any such decision [should be] made with restraint and discretion.'") (quoting Schlaifer Nance & Co., Inc. v. Estate of Warhol, 194 F.3d 323, 334 (2d Cir.1999)).

Accordingly, the September 2008 Report is accepted in its entirety.

---

[4] In addition, Plaintiff failed to meet the procedural requirements for a motion for sanctions pursuant to Rule 11. See Fed. R. Civ. P. 11(c) (requiring a party seeking sanctions under Rule 11 to serve its motion upon an opposing party twenty-one (21) days prior to filing such motion with the court in order to permit the nonmoving party the opportunity to withdraw or appropriately correct the challenged paper, claim, defense, contention, or denial).

II.  Conclusion

Upon *de novo* review of the September 2008 Report, Plaintiff's objections (Docket No. 125) are overruled; the September 2008 Report (Docket No. 122) is accepted in its entirety; and Plaintiff's motion (Docket No. 120) for sanctions is DENIED.

**SO ORDERED.**

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: October 10, 2008
       Central Islip, New York

Copies to:

J.C. McCrary, Jr.
#07A1127
Clinton Correctional Facility
PO Box 2000
Dannnemora, NY 12929